NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SIMON BRUYERE, PETITIONER, v. GERTRUDE D. WALKER, RESPONDENT.

For the petitioner, *Jacob W. Silverman.*

For the respondent, *McDermott, Enright & Carpenter.*

\* \* \* \* \* \* \*

The following appears from the testimony of the petitioner:

On the 10th day of May, 1927, while in the employ of the respondent as a handy man, janitor, and all-around man, he met with an accident arising out of and in the course of his employment.

On this day and for a period subsequent thereto, the petitioner was employed by the respondent in the aforesaid capacity, on her estate at Pompton Lakes, New Jersey, and his wages were $15 per week, including board and lodging. His sleeping quarters were over a garage forming part of the estate. He was a handy and all-around man, and a part of his duties were to take care of the furnaces and water pump on the premises. As such handy and all-around man, the petitioner was subject to call at all hours of the day and night, and in the entire day of twenty-four hours, he was subject to the call of his employer. On said 10th day of May, 1927, the petitioner had been cleaning one of the furnaces on the premises and as a result thereof became covered with soot and filth from had to foot. He went to his quarters in the garage, removed his clothing, and went to the bathroom in said quarters to take a bath, it being ten o'clock or then about, in the evening. Upon finishing his bath, he stepped on the bathroom floor and in the act of doing so, stepped on a piece of glass, on the sole of his left foot. The petitioner, with first-aid treatment, left the garage premises and repaired to another part of the premises to look after the water pump before going to bed. The petitioner kept on working but was compelled to stop on the 15th day of January, 1928. He sustained a deep cut in the fifth left metatarsal region, infection subsequently setting in, causing petitioner to stop work and temporary and permanent disability. The petitioner was treated by Joseph J. Olini, a physician duly licensed to practice in the State of New Jersey, from the 11th day of May, 1927, to the 15th day of January, 1928.

The following appears from the testimony of Dr. Olini in behalf of the petitioner:

He was attended by Dr. Olini on the 11th day of May, 1927, for a cut on the left foot, in the fifth metatarsal region. The petitioner was able to work until August 15th, when his foot became infected and worse and he was unable to work from August 15th, 1927, to January 15th, 1928. The petitioner sustained a permanent injury amounting to five per cent. loss of the foot. Dr. Olini's bill for services is the sum of $100, which is a reasonable charge for same. The respondent adduced no testimony at the trial.

From the foregoing facts as found by me, I am of the opinion that the petitioner, Simon Bruyere, met with an accident arising out of and in the course of the said employment. The petitioner received a wage of $15 per week with board and lodging. Lodging includes meals, the privilege of personal hygiene and sleeping. It could hardly be expected that an employe who received lodging on the premises of the employer, and whose entire day of twenty-four hours was subject to call of his employer, would not have the privilege of washing himself and taking an occasional bath. This privilege is just as important as sleeping. Aside from this fact, it appears from the evidence that the petitioner had been cleaning one of the furnaces on the premises, and was covered with soot and dirt. It was part of his duties to attend to the pump which supplied water to the entire premises. Due to his filthy condition, he was obliged to take a bath so as to properly discharge the duties for which he was hired by his employer. The accident arose out of and in the course of his employment for the following reasons:

(a) The accident occurred while the petitioner was taking a bath, which was part of the contract of hiring between the petitioner and respondent.

(b) The petitioner was taking the bath as a matter of necessity and for the proper discharge of his duties, for which he was engaged by the respondent.

(c) The petitioner was subject to call by the respondent during the entire day of twenty-four hours.

In the case of *Allan* v. *Glaser*, 4 *N. J. Mis. R.* 754, the daughter of the petitioner was employed as a waitress, part of her compensation including lodging. She was burned to death while sleeping upon the premises of the employer. The court held that the lodging was part of the contract of employment and therefore her death arose in the course of her employment.

The case at bar is a much stronger case, for in the cited case there was no evidence that the deceased was subject to call nor that her death arose while doing an act of necessity.

\*　　\*　　\*　　\*　　\*　　\*　　\*

HARRY J. GOAS,
*Deputy Commissioner...*